ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Alfajer, Ltd. | ) | ASBCA No. 62125 |
| | ) | |
| Under Contract No. W91B4N-18-A-5006 | ) | |

APPEARANCE FOR THE APPELLANT:          Walt Pennington, Esq.
                                         Pennington Law Firm
                                         San Diego, CA

APPEARANCES FOR THE GOVERNMENT:     Scott N. Flesch, Esq.
                                         Army Chief Trial Attorney
                                         MAJ Nicholas Lucchetti, JA
                                         Trial Attorney


OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT
ON THE GOVERNMENT'S MOTION TO DISMISS

This dispute concerns the loss of equipment connected to the performance of call number W91B4N19F5034 (the call or the contract) under blanket purchase agreement (BPA) No. W91B4N-18-A-5006 (the BPA) for the United States Army (Army or the government) to lease equipment from Alfajer, Ltd. (Alfajer or appellant). Appellant's complaint contains four counts concerning the government's failure to ensure Alfajer could safely transport required equipment or refusal to pay for damaged equipment: I) breach of contract; II) breach of good faith and fair dealing; III) superior knowledge; and IV) *quantum valebant*. The government filed a motion to dismiss for lack of jurisdiction and a motion to strike. The government requests we dismiss Counts I through III as lacking jurisdiction because the claims have not yet been before the contracting officer (CO) and to strike Count IV as either an equitable remedy under an implied-in-law theory that we do not have jurisdiction to hear or, in the alternative that it was not submitted to the CO. Appellant responded that the government did not cite a particular rule from the Federal Rules of Civil Procedure for its motion to dismiss Counts I through III and that the facts were asserted in the claim to the CO, just not the legal theories. Further, appellant states that we are not permitted to strike Count IV and requests additional time to respond if we converted the motion to strike, to a motion for summary judgment. The government replied, disputing appellant's arguments for Counts I through III and also standing by its theory that we strike Count IV. We deny the government's motion, in part, and grant it, in part.

## STATEMENT OF FACTS (SOF) FOR THE PURPOSES
## OF THE GOVERNMENT'S MOTIONS

1. On August 8, 2018, the government issued a BPA with a BPA dollar limit of $93,000,000 and order limit of $1,500,000. The period of performance was August 8, 2018 through August 7, 2023. (R4, tab 2)

2. Among other clauses, the BPA included Defense Federal Acquisition Regulation Supplement (DFARS) 252.225-7995, CONTRACTOR PERSONNEL PERFORMING IN THE UNITED STATES CENTRAL COMMAND AREA OF RESPONSIBILITY (Deviation 2017-O0004) (SEP 2017) (R4, tab 2 at 000124-31). The clause generally placed the risk of working in dangerous conditions on appellant in paragraph (b)(2): "Contract performance in USCENTCOM AOR may require work in dangerous or austere conditions. Except as otherwise provided in the contract, the Contractor accepts the risks associated with required contract performance in such operations" (R4, tab 2 at 000125). Paragraph (b)(3) allowed contractor personnel to carry weapons for self-defense: "When authorized in accordance with paragraph (j) of this clause to carry arms for personal protection, contractor personnel are only authorized to use force for individual self-defense" (R4, tab 2 at 000125). Paragraph (j) explained procedures to allow contractors to carry weapons for self-defense (R4, tab 2 at 000130).

3. On December 3, 2018, the parties entered into the call in question in this dispute under the BPA. The call required six-month leases for ten different categories of equipment and a Defense Base Act insurance contract line item number (CLIN). The call did not include purchasing any equipment. (R4, tab 4 at 000160-65)

4. The call included a performance work statement (PWS) that included security requirements for getting equipment to and from the military installation. Specifically, Section 1.6.8. Security Requirements added: "The Contractor is required to provide his own security to escort all the MHE upon the initial delivery to MSS Thompson, and the final retrieval of the MHE from MSS Thompson upon contract completion/expiration[.]" (R4, tab 4A at 000171)

5. On February 12, 2019, appellant filed a certified claim with the CO. Appellant claimed $355,000. Appellant stated that the costs arose from alleged hijacked equipment. First, on the way to providing the equipment, appellant alleged that one of its forklifts was hijacked. Then, the contract was supposed to be for six months but was cut short to less than two months in duration. While demobilizing, more equipment was allegedly hijacked. Further, although appellant asked for 20-25 days to demobilize, the government required demobilization promptly. (R4, tab 13 at 000222)

6.   The CO issued a final decision, dated April 8, 2019 denying the claim, stating that the risk was on the contractor in a firm-fixed price contract.  Appellant acknowledged receipt on May 30, 2019.  (R4, tab 19)

7.   On July 5, 2019, appellant timely appealed, which was docketed as ASBCA No. 62125.

8.   Appellant filed its complaint with its appeal.  In its complaint, appellant focused on its assertions that the government failed to provide safe transport or protect Alfajer's equipment and the government's prior knowledge of such attacks (compl. ¶¶ 7, 10-12, 26).  Appellant listed four counts in its complaint.  Count I was a breach of contract for the Army's refusal to pay for seized equipment and other amounts allegedly due (*id.* ¶ 25).  Count II was a breach of implied covenant of good faith and fair dealing because the government received a benefit of the equipment without providing sufficient security for the equipment (*id.* ¶¶ 39-42).  Count III was for breach of contract based upon the government's superior knowledge of the enemy controlled area and failure to provide safe passage plus the requirement for immediate removal of the equipment (*id.* ¶¶ 44-45).  Count IV was for *quantum valebant*, specifically, that the government received a benefit in the form of equipment that was hijacked and seized so the government is responsible for the cost of the equipment regardless of the fact that no contract for purchasing the equipment existed (*id.* ¶ 48).

DECISION

"To determine whether a claim is new we examine whether it derives from the same set of common or related operative facts as the claim presented to the contracting officer and seeks the same or similar relief."  *Parwan Group Co.*, ASBCA No. 60657, 18-1 BCA ¶ 37,082 at 180,495 (citing *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003); *The Public Warehousing Co.*, ASBCA No. 56022, 11-2 BCA ¶ 34,788 at 171,227).  If the set of common or operative facts are essentially the same as the ones presented in the claim, then they are considered to be within the scope of the appeal.  *Parwan Group Co.*, 18-1 BCA ¶ 37,082 at 180,495 (citing *MACH II*, ASBCA No. 56630, 10-1 BCA ¶ 34,357 at 169,673).  A new legal theory that is based on the same operative facts does not constitute a new claim, nor do additional facts that do not alter the nature of the original claim.  *Parwan Group Co.*, 18-1 BCA ¶ 37,082 at 180,495 (citing *Trepte Constr. Co.*, ASBCA No. 38555, 90-1 BCA ¶ 22,595 at 113,385-86).  Put simply, the claim must give the CO adequate notice of appellant's claim, clearly and unequivocally.  *Parwan Group Co.*, 18-1 BCA ¶ 37,082 at 180,495 (citing *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1005 (Fed. Cir. 2015)); *see also Scott Timber Co.*, 333 F.3d at 1365 (quoting *Contract Cleaning Maint., Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987) (This court "know[s] of no requirement in the [CDA] that a claim must be submitted in any particular form or use any particular wording.  All that is required is that the contractor submit in writing to the contracting officer a clear an

3

unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim.").

Government's Motion to Dismiss Counts I, II, and III

Here, the government moved to dismiss Counts I, II, and III for lack of jurisdiction because they were not included in the certified claim (gov't mot. at 1-2). However, the certified claim was for $355,000 for lost equipment during delivery to and from the military installation (SOF ¶ 5). Counts I, II, and III are all merely differently stated legal theories based on the same common and operative facts: equipment was lost during transfer to and from the base and the government should pay for those losses. Thus, the government's motion to dismiss Counts I, II, and III is denied.

Government's Motion to Strike Count IV

The government also moves to strike Count IV because it is an implied-in-law contractual theory of relief (gov't mot. at 2). Appellant argues that the government has not met its burden under Rule 12(f) of the Federal Rules of Civil Procedure (app. opp'n at 4-6).

Appellant alleges, in Count IV, a *quantum meruit* theory[*] that the government is required to purchase the equipment, which was not part of the lease contract (SOF ¶¶ 3, 8). We do not have jurisdiction to grant relief in *quantum meruit* situations, unless the government refuses payment due to the contract being illegal or void. *See PROTEC GmbH*, ASBCA No. 61161 *et al*., 18-1 BCA ¶ 37,064 at 180,420. Here, appellant has not claimed that the government refused to pay due to the contract being illegal or void. Instead, appellant claimed that the government was required to pay for the cost of purchasing the equipment, even without a valid supply contract, because it derived a benefit from using the equipment during the contract to lease the equipment and is, thus, required to essentially buy equipment damaged during arrival and after termination of the contract. (SOF ¶ 8) Therefore, we do not possess jurisdiction to hear Count IV. Thus, the government's motion to strike Count IV is granted.

---

[*]*Quantum meruit* refers to services provided while *quantum valebant* refers to goods. There is no significance to the difference. *Honeywell International, Inc.*, ASBCA No. 57779, 15-1 BCA ¶ 36,121 at 176,341 n.4, citing *Barrett Refining Corp. v. United States*, 242 F.3d 1055, 1059 n.1 (Fed. Cir. 2001).

## CONCLUSION

We deny the government's motion to dismiss Counts I, II, and III.

We grant the government's motion to strike Count IV.

Dated: July 23, 2020

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

Owen C. Wilson
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62125, Appeal of Alfajer, Ltd., rendered in conformance with the Board's Charter.

Dated: July 23, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals